J-S08040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CORIE REX HILLIARD | : | |
| | : | No. 1370 WDA 2017 |
| Appellant | | |

Appeal from the PCRA Order September 12, 2017
In the Court of Common Pleas of Somerset County Criminal Division at
No(s): CP-56-CR-0000361-2011

BEFORE: LAZARUS, J., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED FEBRUARY 27, 2018**

Appellant Corie Rex Hilliard appeals from the Order entered in the Court of Common Pleas of Somerset County on September 12, 2017, denying as untimely his petition filed pursuant to the Post Conviction Relief Act.[1]  We affirm.

On December 12, 2011, Appellant pled guilty to six counts of involuntary deviate sexual intercourse (IDSI) with a child under the age of thirteen, graded as a first-degree felony under 18 Pa.C.S.A. § 3123(b), and numerous other charges related to his sex crimes were withdrawn. N.T. Guilty Plea Hearing, 12/11/11, at 9.[2]  Although Appellant originally had been charged with

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.
[2] Appellant's plea arose following his admission to the State Police on January 9, 2011, that he had been sexually molesting his five-year-old- daughter for some time and the subsequent police investigation whereby additional evidence was gathered including the child's confirmation of the abuse.

_____

\* Former Justice specially assigned to the Superior Court.

twelve counts under 18 Pa.C.S.A. § 3123(a)(6), the District Attorney orally moved to amend the criminal information at the outset of the guilty plea hearing to substitute Subsection 3123(b) for Subsection 3123(a)(6). *Id*. at 3.[3]

On April 11, 2012, Appellant was sentenced to an aggregate term of twenty (20) years to forty (40) years in prison. N.T. Sentencing, 4/11/12, at 25-26. Appellant also was informed that "the Pennsylvania statue known as Megan's Law requires that you be notified of your obligation to register under that law; and, because of the nature of the charges that you've pled guilty to and been sentenced on here today, the term of registration will be for the rest of your life." *Id*. at 28. The trial court denied Appellant's post sentence motion in an Order entered on May 22, 2012, and he did not file a direct appeal.

On March 17, 2016, Appellant filed a petition for writ of *habeas corpus, pro se,* which the PCRA court properly treated as his first PCRA petition. On March 21, 2016, the PCRA court issued its notice of intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. Therein,

_____

[3] "Section 3123(a)(6), which provided a person commits a felony of the first degree when he or she engages in deviate sexual intercourse with a complainant who is less than 13 years of age, was … deleted [in 2002]." *Commonwealth v. Snyder*, 870 A.2d 336, 340 n.2 (Pa.Super. 2005). The amended statute included Section 3123(b) as the "identical provision," providing that "[a] person commits [IDSI] with a child, a felony of the first degree, when the person engages in deviate sexual intercourse with a complainant who is less than 13 years of age." 18 Pa.C.S.A. § 3123(b); *see id*.

the PCRA court opined that the petition was frivolous in light of the fact Appellant pled guilty to six counts under Section 3123(b), not Section 3123(a)(1) and because it was filed more than a year after Appellant's judgment of sentence had become final.

Appellant filed a timely appeal with this Court. Upon finding the petition was Appellant's first filing and, therefore, he was entitled to the appointment of counsel, we vacated the Order denying the PCRA petition and remanded to the PCRA court for the appointment of counsel. *See Commonwealth v. Hilliard*, No. 1052 WDA 2016, unpublished memorandum at 4 (Pa.Super. filed March 20, 2017).

Upon remand, counsel was appointed, and the PCRA court heard argument on May 5, 2017. At that time, counsel discussed Appellant's alleged confusion regarding the specific charges on which he had been sentenced. However, counsel clarified that Appellant did not dispute that at the time he entered his guilty plea, he pled guilty to six counts under Section 3123(b). NT. PCRA Argument, 5/5/17, at 4-6.

Counsel filed an amended PCRA petition on June 5, 2017. Therein, Appellant maintained he had not been sentenced on the crimes to which he had pled guilty, as the transcript of the guilty plea hearing and the docket entries were unclear as to what provisions under which he was sentenced. *See* Amended Petition for Post-Conviction Collateral Relief, filed 6/5/17, at 1-2.

In its Order entered on September 12, 2017, the PCRA court denied the petition, and Appellant filed a timely appeal on September 14, 2017. On September 26, 2017, Appellant filed his Concise Statement of Errors Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b), and on October 17, 2017, the PCRA court filed its Statement Pursuant to Rule 1925 of the Pennsylvania Rules of Appellate Procedure wherein it stated that the reasons for its dismissal of Appellant's PCRA petition had been articulated in its September 12, 2017, Order dismissing the same.

In his brief, Appellant presents the following Statement of the Question Involved:

> 1.    Whether the lower court erred in dismissing Appellant's Amended Post-Conviction Collateral Relief Act Petition by finding it to be untimely.
>
> 2.    Whether the lower court erred in dismissing Appellant's Amended Post-Conviction Collateral Relief Act Petition by finding it Frivolous and Without Merit.

Brief for Appellant at 6 (unnecessary capitalization omitted).

When reviewing the propriety of an order denying PCRA relief, this Court is limited to a determination of whether the evidence of record supports the PCRA court's conclusions and whether its ruling is free of legal error. **_Commonwealth v. Robinson_**, 635 Pa. 592, 603, 139 A.3d 178, 185 (2016). This Court will not disturb the PCRA court's findings unless there is no support for them in the certified record. **_Commonwealth v. Lippert_**, 85 A.3d 1095, 1100 (Pa.Super. 2014).

At the outset, we consider whether this appeal is properly before us. The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa.Super. 2014).

All PCRA petitions must be filed within one year of the date upon which the judgment of sentence became final, unless one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies. The petitioner bears the burden of pleading and proving an applicable statutory exception. If the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa.Super. 2013). This is true even where, as herein, the appellant challenges the legality of his sentence. ***Commonwealth v. Fahy***, 558 Pa. 313, 331, 737 A.2d 214, 223 (1999) (holding that claims challenging the legality of sentence are subject to review within PCRA, but must first satisfy the PCRA's time limits).

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) states:

**(b) Time for filing petition.--**

(1)  Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States:

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). In addition, any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Herein, Appellant's Motion to Modify Sentence was denied on May 22, 2012, and he did not file a direct appeal. Thus, Appellant's judgment of sentence became final thirty days thereafter on or about June 22, 2012, at which time Appellant's time for filing a direct appeal expired. *See* 42 Pa.C.S.A. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania or at the expiration of time for seeking the review"). A timely petition had to be filed by June 22, 2013; therefore, the instant PCRA petition filed on March 17, 2016, is patently untimely, and the burden fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. *See* 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa.Super.

2008) (to invoke a statutory exception to the PCRA time-bar, a petitioner must properly plead and prove all required elements of the exception).

Appellant first asserts he is serving an illegal sentence because the charges to which he pled guilty were not clarified prior to his guilty plea, and, therefore, "he falls under the constitutional right exception in that he was 'sentenced[…]under a statute that he neither pled guilty to nor was convicted of.'" Brief for Appellant at 13. This bald allegation is insufficient to overcome the PCRA time-bar. Appellant does not maintain that his failure to assert this claim in a timely PCRA petition was the result of governmental interference, based upon facts that were previously unknown to him or the product of a newly-recognized constitutional right.

Moreover, a review of the record belies this assertion, for Appellant, who was present with counsel in the courtroom at the guilty plea hearing, pled guilty to six counts of 18 Pa.C.S.A. § 3123(b) after the sentencing court engaged Appellant in a thorough written and oral colloquy prior to his entering his plea. **See** Written Guilty Plea Questionnaire, dated 12/12/11; N.T. Guilty Plea, 12/12/11, at 4-11. Importantly, Appellant did not object to the amendment of the criminal information at the outset of the guilty plea hearing, and he does not contend herein that such amendment was improper. Indeed, as this Court has stated, Section 3123(b), an "identical provision," replaced Section 3123(a)(6). **See Snyder**, **supra**. As such, the trial court properly found this claim was untimely and lacked merit.

In addition, in his appellate brief, Appellant raises for the first time a claim that his petition is timely in light of the Pennsylvania Supreme Court's recent decision in **Commonwealth v. Muniz**, ____ Pa. _____, 164 A.3d 1189 (2017) (Opinion Announcing the Judgment of the Court).[4]  Brief of Appellant 13-14.    The entirety of Appellant's argument in this regard is as follows:

> Further, as the Court in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) has recently declared SORNA to be unconstitutional in certain circumstances, Appellant's Amended PCRA should be addressed. The PCRA court did not even mention the *Muniz* case in dismissing Appellant's petitions.  Even if this Honorable Court finds that Appellant is no entitled to relief on his habeas corpus request, he is eligible for relief under the *Muniz* holding, therefore negating the PCRA Court's determination that Appellant's petitions lacked merit.

Brief of Appellant at 13-14.

While Appellant raises this claim for the first time on appeal, we may review it.  **Commonwealth v. Butler**, 2017 WL 4914155 at *2 (Pa.Super. 2017) (holding that while issues not raised before the trial court are generally waived for appellate purposes, a challenge to the legality of a sentence based on **Muniz** need not be preserved in the trial court in order to be reviewable). Notwithstanding, Appellant does not challenge specifically any portion of his

---

[4] On July 19, 2017, the Supreme Court filed its decision in **Muniz** holding that the enhanced registration requirements of the Sexual Offender Registration and Notification Act ("SORNA") are punitive and, therefore, applying SORNA retroactively is a violation of the *ex post facto* clauses of the U.S. Constitution and Pennsylvania Constitutions. **Muniz** at _____, 164 A.3d at 1223.

sentence imposed under the then-extant Megan's Law. Indeed, Appellant was not designated as an SVP at sentencing. N.T. Sentencing, 4/11/12, at 5. In addition, his sentence predated SORNA, and SORNA did not affect his lifetime registration requirement under then-extant Megan's Law.[5] Thus, **Muniz** does not apply here.

In light of the foregoing, Appellant has filed a facially untimely PCRA petition and has failed to plead and prove the applicability of any exception to the PCRA time-bar. We, therefore, affirm the PCRA court's Order.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  2/27/2018

---

[5] On December 20, 2011, the legislature replaced Megan's Law with SORNA, effective December 20, 2012, to strengthen registration requirements for sex offenders and to bring Pennsylvania into compliance with the Adam Walsh Child Protection and Safety Act, 42 U.S.C.A. § 16901 *et seq*.